UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANESSA LYNN RAY, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV- 1033 |
| | § § § | |
| KINDRED HOSPITAL, | § | |
| Defendant. | | |

## OPINION AND ORDER

Pending before the Court is Defendant's Motion, in the Alternative, to (1) Dismiss for Failure to State a Claim without Leave to Amend, or (2) Enforce Settlement Agreement and Motion for Sanctions (Doc. 13) filed by Kindred Hospital ("Kindred"). Plaintiff Vanessa Lynn Ray ("Ray") filed an amended response (Doc. 17) in opposition to the motion, and Kindred filed a reply (Doc. 19) in support.

Having considered the pleadings, the history of the parties' dispute, and the applicable law, the Court concludes that the motion to dismiss should be granted.

## I.  Background

The primary basis of Kindred's motion is that this lawsuit is barred by the doctrine of res judicata, as Ray made or could have made her claims in a prior action involving the same parties. Accordingly, the relevant history begins with that earlier action.

On April 27, 2011, Ray initiated her first lawsuit against Kindred before Judge Nancy F. Atlas. *Ray v. Kindred Hosp.*, No. 4:11-cv-1650 (S.D. Tex. Feb. 14, 2012) (*Ray One*). In her amended complaint, Ray stated claims for intentional infliction of emotional distress, employment discrimination, retaliation, and wrongful termination. Amended Complaint ¶ 1.1, *Ray One*. In describing the nature of her case, she explained:

> Ray brings this action because Kindred has maintained a discriminatory workplace in which she has been subject to discrimination and bias because of her race. Ray, an African American female, worked for Kindred Hospital from January 30, 2009 through April 30, 2010, when she was discharged because of her race. She was blamed and ultimately terminated for the error of a non-Black nurse. Ray was discharged for illegitimate, discriminatory reasons related to her race, while there was no investigation of the wrongdoings of the other non-Black nurses, particularly those involved in the incident the week leading to Ray's termination on April 30, 2010. Kindred's actions against Ray were in retaliation for her attempting to blow the whistle on her co-workers

actions [sic], for which she ultimately took the blame. Ray filed a discrimination charge with the EEOC on October 8, 2010, and she filed this lawsuit on April 27, 2011.

Amended Complaint ¶ 1.2, *Ray One*.

On December 20, 2011, the parties attended a court-ordered mediation before Magistrate Judge George Hanks, *see* Order, Aug. 31, 2011, *Ray One*, and, at the mediation, entered into a binding settlement agreement (Doc. 13-3). In the agreement, it was written that "Ray understands that all claims against the Kindred Group end with this settlement and she is not entitled to and will not receive any further payment or consideration." Doc. 13-3 ¶ 9. The following day, pursuant to that agreement, Judge Atlas entered a conditional order of dismissal. Order, Dec. 21, 2011, *Ray One*. On January 23, 2012, however, Ray submitted an affidavit stating that the parties "agreed to settle all claims and controversies between them which [were] assertable in [that] case" but that she had "signed no settlement documentation." Ray Aff., Jan. 23, 2012, *Ray One*. The parties then attended two additional status conferences before Magistrate Judge Hanks, *see* Minute Entries, Feb. 7 and Feb. 14, 2012, *Ray One*, which resulted in their Joint Stipulation of

Dismissal with Prejudice. The parties stated therein that "Plaintiff no longer wishes to pursue this Lawsuit" and that they "agree that [the] Lawsuit should be dismissed with prejudice" pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Joint Stipulation of Dismissal with Prejudice, *Ray One*. That document became effective immediately upon filing and served to extinguish Ray's suit. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010).

Just two weeks later, on February 29, 2012, Ray attempted to reopen that case by filing a second Application to Proceed in District Court without Prepaying Fees or Costs. That application was denied because, pursuant to the parties' joint stipulation, the case had already been dismissed with prejudice. Order, Mar. 5, 2012, *Ray One*.

Approximately two weeks after that, Ray initiated a second lawsuit by filing her complaint (Doc. 1) in this Court, alleging intentional infliction of emotional distress, wrongful termination, and retaliation. In describing the nature of her case, Ray explains that "Kindred's actions against [her] were in retaliation for her attempting to blow the whistle on

her co-workers actions [sic], for which she ultimately took the blame." Doc. 1 at 2.

Kindred now brings its Rule 12(b)(6) motion to dismiss, arguing that this action is barred by the doctrine of res judicata.

## II. Legal Standard

Although "generally a res judicata contention cannot be brought in a motion to dismiss" but must instead "be pleaded as an affirmative defense," *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005), when it is apparent on the face of the pleadings, res judicata may be an appropriate grounds for dismissal, *see Fisher v. Halliburton*, 667 F.3d 602, 609 n.13 (5th Cir. 2012) *cert. denied*, 133 S. Ct. 427 (U.S. 2012) and *cert. dismissed in part*, 133 S. Ct. 96 (U.S. 2012). When considering a Rule 12(b)(6) motion to dismiss, "the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)) (alterations and internal quotation marks omitted). In order

to survive such a motion, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted). All well-pleaded facts contained in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff. *Raj v. La. State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013). When the plaintiff is proceeding pro se, her complaint is held to a lower standard than those drafted by lawyers. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). Nonetheless, such complaints must still set forth sufficient facts giving rise to a claim upon which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Failure to do so mandates dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

The doctrine of res judicata bars claims that either were litigated or should have been litigated in an earlier suit. *Test Masters*, 428 F.3d at 571. For this doctrine to apply, four elements must be established: "(1) the parties are identical or in privity; (2) the judgment in the prior action

was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* The first two elements are readily satisfied, as precisely the same parties appeared before Judge Atlas in this very courthouse. The third element is satisfied by the parties' Joint Stipulation of Dismissal with Prejudice, which "constitutes a final judgment on the merits [and] bars a later suit on the same cause of action." *Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 501 (5th Cir. 1994) (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534 (5th Cir. 1978)) (internal quotation marks omitted). Determination of the fourth element is made according to the transactional test, which states that "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters*, 428 F.3d at 571. In applying this test, "[t]he critical issue is whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* (quoting *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)). Whether this case is

based on the same nucleus of operative facts as *Ray One* can be answered by reference to the common language used in each of the respective complaints: "Kindred's actions against Ray were in retaliation for her attempting to blow the whistle on her co-workers actions [sic], for which she ultimately took the blame." Amended Complaint ¶ 1.2, *Ray One*; Doc. 1 at 2. From this identical language identifying the same transaction as the basis for each suit, only one conclusion can be drawn: that this action is barred by res judicata.

Indeed, in her amended response, Ray does not even challenge the existence of any of the elements of res judicata. Instead, she argues that "she never knowingly agreed to settle because her lack of mental capacity precluded her from doing so, as Plaintiff suffers from severe clinical depression and is, therefore, mentally ill." Doc. 17 at 4. To support this contention, Ray submits a letter from a psychiatrist dated September 22, 2011, stating that Ray "receives medication treatment … for a diagnosis of Major Depression," but is "stable" and "reports a good response to her medication." Doc. 16 Ex. A. There are two main problems with Ray's argument. First, it fails to meet the "extremely

heavy burden" necessary to show that she was "unable to understand in a reasonable manner the nature and consequences of the transaction," *Lopez v. Kempthorne*, No. 4-07-cv-1534, 2010 WL 4639046, at *3 (S.D. Tex. Nov. 5, 2010) (alterations and internal quotation marks omitted), especially since the psychiatrist's letter establishes that Ray was stable and responding well to treatment before settlement negotiations even began. Second, the crux of the matter is not the settlement agreement itself, but the Joint Stipulation of Dismissal with Prejudice, which was signed two months after the settlement agreement and which serves as a final judgment on the merits. As noted above, that stipulation bars further litigation of the same causes of action.

Finally, it must be noted that Ray's claims have already been voluntarily extinguished, and attempts, like this one, to revive such claims could be considered frivolous and in bad faith. As this is not her first attempt at doing so, this admonition must be perfectly clear: Ray's litigation and subsequent voluntary dismissal with prejudice of *Ray One* bars further litigation of that action, and additional attempts at re-

litigation will very likely result in sanctions. *See Vela v. Manning*, 469 F. App'x 319, 321-22 (5th Cir. 2012).

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (Doc. 13) is **GRANTED** and Plaintiff's case is **DISMISSED**.

SIGNED at Houston, Texas, this 6th day of August, 2013.

/s/ Melinda Harmon
MELINDA HARMON
UNITED STATES DISTRICT JUDGE